**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 27 2009**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-30613 |
| | ) | |
| Michael A. Fink | ) | Chapter 7 |
| Karen L. Fink, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case came before the court for hearing on the Debtors' Motion to Voluntarily Dismiss Chapter 7 Case Without Prejudice ("Motion"). [Doc. #8]. The Chapter 7 Trustee objects to the requested dismissal.

The basis for the Motion is that Debtors assert that they "now possess the ability to pay off all of their creditors in full." The Trustee objects because Debtor Karen Fink became entitled to a post-petition inheritance estimated at approximately $17,000, and asserts that the inheritance funds are property of the bankruptcy estate that should be devoted to payment of creditor claims by the Trustee. The Chapter 7 Trustee has standing to object to a voluntary dismissal. *In re Carroll*, 24 B.R. 83, 85 (Bankr. N.D. Ohio 1982); *In re Hall*, 15 B.R. 913, 915-16 (B.A.P. 9th Cir. 1981).

Section 707(a) provides that the court may dismiss a Chapter 7 case "only for cause." 11 U.S.C. § 707(a).[1] Although § 707(a) does not expressly refer to a voluntary dismissal, courts routinely apply it to

---

[1] This provision stands in meaningful and marked contrast to the liberal voluntary dismissal provision applicable to Chapter 13 cases, which states that "[o]n request of the debtor at any time...the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b).

such a motion. *Schwartz v. Geltzer (In re Smith)*, 507 F.3d 64, 72 (2d Cir. 2007); *see* Fed. R. Bankr. P. 1017(a). Chapter 7 debtors have no automatic or absolute right to voluntary dismissal. *In re Hopkins*, 261 B.R. 822 (Bankr. E.D. Pa. 2001); *In re MacDonald*, 73 B.R. 254, 256 (Bankr. N.D. Ohio 1987). The interests of both debtors and creditors must be considered. If a voluntary dismissal would prejudice creditors, then ordinarily it must be denied. *In re Cohara*, 324 B.R. 24, 27-28 (B.A.P. 6th Cir. 2005)(order granting debtor's request to voluntarily dismiss reversed); *see also In re Harker*, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995)("[I]f the trustee has acquired funds for distribution, a request for dismissal by the debtor will be denied ."); *In re Klein*, 39 B.R. 530 (Bankr. E.D. N.Y. 1984) (debtor's reason for dismissal was settlement of pending lawsuit, which court rejected); *In re Blackmon*, 3 B.R. 167 (Bankr. S.D. Ohio 1980). As a component of showing cause, Debtors have the burden of proving that dismissal will not prejudice their unsecured creditors. *Cohara,* 324 B.R. at 28. As the court noted in *Blackmon*, a debtor who chooses to place oneself in bankruptcy may not always choose to terminate the proceedings, even if unforseen consequences arise. *Id.* at 169. And so it is here.

The court finds that the Trustee has shown the likelihood of recovery of material assets to distribute to creditors through the inheritance that Ms. Fink became entitled to post-petition. This alone is grounds for denial of the Motion under persuasive precedents interpreting § 707(a). Moreover, Congress explicitly specified that a post-petition inheritance "that a debtor acquires or becomes entitled to acquire within 180 days after [the date of filing of the petition]" would become property of the estate available for distribution to creditors. 11 U.S.C. § 541(a)(5)(A). While Debtors may not have expected any rights to an inheritance when they sought relief under Chapter 7, Congress expressly contemplated this type of event in defining property of the estate. Not only has the Trustee demonstrated the availability of material assets for distribution to creditors, the type of asset at issue in this case is one expressly anticipated by Congress, making it unlikely that Congress would generally consider such an event to be grounds for voluntary dismissal.

While the Trustee presents a certainty that assets will be available to distribute to creditors through his administration of the inheritance, Debtors make no detailed or concrete showing of how they propose to satisfy the claims of their creditors outside of bankruptcy. Debtors' schedules show no other assets for creditors, current income based only on unemployment compensation that does not cover monthly living expenses, historically limited income, and $72,161.39 in general unsecured debt, including a $59,000 deficiency on a foreclosure. Lacking a persuasive plan for how creditors will be repaid, the court has no reasonable assurance that the inheritance funds will voluntarily be used to repay creditors unless the funds

are administered by the Trustee. *Cohara,* 324 B.R. at 29; s*ee In re Hopper*, 404 B.R. 301 (Bankr. N. D. Ill. 2009)(debtor did not show cause for voluntary dismissal based on mistaken belief that her home would be protected in bankruptcy, despite her unsubstantiated vow to pay creditors in the future). Under these circumstances the court finds that creditors would be prejudiced by the requested voluntary dismissal.

Debtors having availed themselves of the benefits of this case through the automatic stay, the potential prejudice to creditors can only be prevented by seeing this case through to its proper conclusion from their standpoint, and that includes the Trustee's administration of the inheritance. *In re Fulton*, 339 B.R. 698,701 (Bankr. N.D. Iowa 2006). Debtors have not shown cause for dismissal.

Based on the foregoing reasons and authorities,

**IT IS ORDERED** that Debtors' Motion to Voluntarily Dismiss Chapter 7 Case Without Prejudice [Doc. #8] is **DENIED.**